Filed 3/25/15  P. v. Jimenez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JULIO JIMENEZ,<br><br>        Defendant and Appellant. | H040459<br>(Monterey County<br> Super. Ct. No. SS132048A) |

Defendant Julio Jimenez appeals a judgment following his plea of no contest to numerous domestic violence charges.  On appeal defendant asserts the court erred in ordering a probation condition requiring him to be employed or in school full-time, because the condition is vague.  In addition, defendant argues the court erred in awarding him zero presentence custody credits for his felony case.

## STATEMENT OF THE CASE[1]

In October 2013, a complaint was filed against defendant in case No. SS132048A. The complaint alleged the following crimes:  Corporal injury to a spouse or cohabitant (Penal Code § 273.5, subd. (a)[2]; count 1); violation of a criminal protective order (§ 166,

---

[1] The underlying facts are omitted because they are not relevant to the issues on appeal.

[2] All further statutory references are to the Penal Code.

subd. (c)(1); count 2); and child endangerment (§ 273a, subd. (b); count 3).  As to count 1, the complaint further alleged, that defendant had a prior conviction under section 245, subdivision (a)(1), within the preceding seven years. (§ 273.5, subd. (e).)

At the time of the alleged offenses referenced above, defendant was on probation in two misdemeanor cases:  Monterey County Superior Court case Nos. MS301310A and MS309897A.

On October 23, 2013, defendant pled no contest to count 1 and admitted the section 273.5, subdivision (e)(1), allegation in exchange for felony probation.  Based on that plea, the court found defendant to be in violation of probation in the two misdemeanor cases.

On December 6, 2013, in the felony case, No. SS132048A, the court suspended imposition of sentence, imposed a three-year term of probation on condition that defendant serve 150 days in jail, and awarded zero presentence credit. Counts 2 and 3 were dismissed.

In misdemeanor case No. MS301310A, the court reinstated probation and ordered that defendant serve 217 days in county jail with 217 days of presentence credits.  In misdemeanor case No. MS309897A, the court reinstated probation and ordered that defendant serve 30 days in county jail with 21 days of presentence credits.

Defendant filed a timely notice of appeal.

### DISCUSSION

Defendant asserts on appeal that the probation condition that he maintain employment or enroll in school is unconstitutionally vague and overbroad.  He also argues the court erred in awarding him zero presentence credits in his felony case.

#### *Employment Probation Condition*

As a condition of probation, the court ordered that defendant "[m]aintain gainful employment or become enrolled as an active full-time student."  Defendant argues this

2

condition is vague, because it does not take into account lack of opportunity of employment or education.  He requests that the condition be modified to read, "seek and maintain gainful employment, or become enrolled as an active full-time student as available."

While defendant did not object to the condition when it was imposed by the trial court, his argument on appeal is not waived. The forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.)  We review the question of whether the condition is unconstitutionally vague de novo.  (*Id.* at pp. 885-888.)

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness.  [Citation.]"  (*In re Sheena K., supra,* 40 Cal.4th at p. 890.)

Here, defendant argues that the probation condition requiring that he maintain employment should be modified to require that he "seek and maintain" such employment. He asserts that the requirement that he maintain employment or become enrolled as a full-time student is vague and overbroad because "it fails to account for lack of opportunity."  Defendant argues that the way the condition is written, if defendant tries to find a job and fails for lack of opportunity, he will be in violation of his probation.  He argues he should not be found in violation of probation for circumstances beyond his control.

Probation conditions must be given a "reasonable and practical construction."  (See *People v. Lopez* (1998) 66 Cal.App.4th 615, 630.)  Here, the condition that defendant maintain employment is reasonably interpreted to include honest attempts to

3

become employed. Defendant will likely not be found in violation of probation if he is making reasonable attempts at employment under circumstances in which employment opportunities are limited. Moreover, the condition is sufficiently clear for defendant to know what is required of him. (See *In re Sheena K.*, supra, 40 Cal.4th at p. 890.)

We find that the employment condition in this case is neither vague nor overbroad.

***Custody Credits***

Defendant asserts the trial court erred in awarding him zero presentence custody credits in his felony case. Specifically, defendant notes that in case No. SS132048A, he spent 44 actual days in county jail prior to sentencing; however, when the court ordered him to serve 150 days in county jail, it awarded him zero credits for time served. Defendant asserts he is actually entitled to 88 days of presentence credit toward his 150 day term.

Defendant was sentenced on the felony case, as well as the two misdemeanor violations of probation during the same sentencing hearing. In the felony case that is the subject of this appeal (No. SS132048A), the court granted probation with an order that defendant serve 150 days in county jail with zero presentence credits. In misdemeanor case No. MS301310A, the court reinstated probation and ordered that defendant serve 217 days in county jail with 217 presentence credits, based on 109 actual days in custody plus 108 conduct credits. In misdemeanor case No. MS309897A, the court reinstated probation and ordered that defendant serve 30 days in county jail with 21 presentence credits, based on 11 actual days in custody plus 10 conduct credits, consecutive to all other sentences.

The underlying felony occurred while defendant was on probation in each of the two misdemeanor cases. When defendant entered his no contest plea to the felony charges, the court found defendant was in violation of probation in his two misdemeanor cases.

4

Here, defendant and the Attorney General dispute whether the court ordered defendant's term on the felony to run consecutively to the misdemeanor probation violation terms. During the sentencing hearing, after ordering the 150-day term for the felony, the court stated: "Your sentence will be consecutive to your sentence in 310 [MS301310A] and 897 [MS309897A]."

While the court's oral pronouncement at the hearing clearly states that the felony term was to run consecutive to the misdemeanor terms, some confusion occurred when the court proceeded and began discussing custody credits with the probation officer. The discussion appears to be related to whether the two misdemeanor terms of probation would run concurrent to one another, and consecutive to the felony. The colloquy between the court and the probation officer is as follows:

"THE COURT: In the case ending in 310 [MS301310A], probation is reinstated on the original terms and conditions and following modifications. Ordered to serve—you're ordered to serve 217 days in the county jail, credit time served of 109 actual plus 108 good time, for a total of 217 days consecutive to all the other sentences.

"THE PROBATION OFFICER: Your Honor, that would be a concurrent sentence.

"THE COURT: I'm sorry. Concurrent sentence. 310 [MS301310A] will be concurrent. 891[3] will be consecutive.

"THE PROBATION OFFICER: Your Honor, if I may, if that is consecutive, the defendant's credits need to be modified under the recommendation on page 21. If consecutive, the defendant has a total of 21 days consisting of 11 actual and

---

[3] This appears to be an error, as there was no case with the last three numbers of "891."

5

10 conduct credits.

"THE COURT: Thank you. Case ending in 987,[4] probation is reinstated on all original terms and conditions with the following modifications. [¶] You're ordered to serve 30 days in the county jail, credit for time served 11 actual, plus 10 good time calculated at 50 percent for a total of 21 days."

While the colloquy above is ambiguous regarding whether the misdemeanor terms were to run concurrently to each other, the discussion does not demonstrate that the court changed the original consecutive order on the felony term. When the court imposed the term of confinement of 150 days on the felony, the court clearly and unambiguously stated: "Your sentence will be consecutive to your sentence in 310 [MS301310A] and 897 [MS309897A]." The minute order reflects the court's order, stating clearly that the felony term is to run consecutive to the misdemeanor terms. Despite the confusion during the discussion between the court and the probation officer following the court's order on the felony term, there is no discrepancy between the oral pronouncement of sentence on the felony and the minute order in this case. The court intended the felony term to run consecutive to the misdemeanor terms.

Because defendant's felony term was ordered to run consecutive to the misdemeanor terms, he is not entitled to dual credit for his presentence custody time. Section 2900.5 governs the award of presentence custody credits. It provides: "(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, and including days credited to the period of confinement pursuant to Section 4019, . . . shall be credited upon his or her

---

[4] The numbers appear to be transposed. The misdemeanor case number is MS309897A. The court references this as "987," when it should be "897."

6

term of imprisonment. . . . If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served . . . . [¶] (b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

When consecutive terms are imposed for multiple offenses in a single proceeding, as they were in this case, only one of the terms shall receive credit for presentence custody. (See, e.g., *People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1414-1415.) Here, the period of presentence custody time in dispute is between October 10, 2013 and November 22, 2013. Defendant asserts the total of 88 days, consisting of 44 days actual time and 44 days of conduct credit, should be credited toward his 150-day felony term. However, defendant received credit for most of this period toward his misdemeanor term. In misdemeanor case No. MS301310A, the court ordered that defendant serve 217 days in county jail with 217 presentence credits. This total included 109 actual days, of which 39 days were from the period between October 15, 2013 and November 22, 2013. As a result, defendant is not entitled to credit for this period toward his felony term, because this would be impermissible dual credit. (§ 2900.5, subd. (b).)

However, there do appear to be five days during which defendant was in custody on the felony between October 10, 2013 and October 15, 2013 that were not credited toward the 217-day misdemeanor term in case No. MS301310A. Defendant is entitled to presentence credit for the five days he was in custody on the felony, because that time was not credited in any other case (*In re Marquez (2003)* 30 Cal.4th 14, 20; defendant entitled to credit for " 'dead time' " in custody.) As a result, the court's order of zero days actual credit for defendant's felony term was in error, and should be amended to

7

reflect five actual days and five days of conduct credit for a total of 10 days presentence credit.

## DISPOSITION

The abstract of judgment is modified to reflect that defendant is entitled to 10 days of presentence custody credit in case No SS132048A. As modified, the judgment is affirmed.

_____
                    RUSHING, P.J.


WE CONCUR:




_____
            MÁRQUEZ, J.




_____
            GROVER, J.